## DISCIPLINARY DOCKET

95–2194. In re Judicial Campaign Complaint against Carr. JUDICIAL COMMISSION ORDER, GOV.JUD.R. II(5)(E)(1). This matter involves a review, by a commission of five judges appointed pursuant to Section 5, Rule II of the Supreme Court Rules of the Judiciary of Ohio and by an October 30, 1995 order of the Supreme Court of Ohio, of a panel determination that the respondent violated two provisions of Canon 7 of the Ohio Code of Judicial Conduct as they relate to judicial campaigns. The commission of five judges consisted of Judge James A. Brogan, Second District Court of Appeals (chairman), Judge Mark K. Wiest, Wayne County Court of Common Pleas (Ninth Appellate District), Judge James W. Kirsch, Juvenile/Probate Division, Scioto County Court of Common Pleas (Fourth Appellate District), Judge George J. Demis, Juvenile/Probate Division, Tuscarawas County Court of Common Pleas (Fifth Appellate District), and Judge William G. Lauber, Lima Municipal Court (Third Appellate District).

The commission received by express mail or facsimile transmission the record and transcript, including exhibits, of the October 23, 1995 hearing before the panel of the Board of Commissioners on Grievances and Discipline, the report of the panel, the brief and objections of the respondent, and the brief of the complainant. The commission considered these materials and deliberated via telephone conference on October 30 and November 1, 1995.

By a unanimous vote, the commission affirms the finding of the panel, by clear and convincing evidence, that the respondent, during a judicial election campaign, engaged in conduct violative of Canon 7(C)(2)(a) of the Code of Judicial Conduct (personal solicitation of campaign funds), as alleged in the formal complaint. By a vote of three to two (Brogan and Demis, JJ. dissenting), the commission affirms the finding of the panel, by clear and convincing evidence, that the respondent, during a judicial election campaign, engaged in conduct violative of Canon 7(B)(2)(f) of the Code of

Judicial Conduct (knowingly misrepresenting the qualifications of an opponent), as alleged in the . formal complaint. The commission adopts the recommendation of the panel and orders that the respondent be fined $1,000 and assessed the costs of the proceedings before the panel and the commission, exclusive of attorney fees. No cease and desist order is issued, as such an order would not serve any purpose at this late date in the campaign.

A written opinion of the commission will follow.